# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JUNE JONES AND MELISSA CLEARY, | ) )  CIVIL ACTION NO. |
| *Plaintiffs,* | ) ) ) |
| v. | ) **JURY TRIAL DEMANDED** |
| BUCKHEAD DENTAL CENTER, P.C., BROOKHAVEN DENTAL ASSOCIATES P.C., AND DR. VIK BHATIA (Individually) | ) ) ) ) ) |
| *Defendants.* | |

## COMPLAINT

COME NOW Plaintiffs June Jones and Melissa Cleary (collectively "Plaintiffs") by and through their undersigned counsel and set forth this Complaint for damages against the above-named Defendants, Buckhead Dental Center, P.C. ("Buckhead Dental") and Brookhaven Dental Associates P.C. ("Brookhaven Dental" collectively "Corporate Defendants"), and Dr. Vik Bhatia individually ("Dr. Bhatia"). Plaintiffs respectfully show this Court as follows:

### INTRODUCTION

Ms. Jones and Ms. Cleary were both formerly employed by all Defendants. Both were sexually harassed by Dr. Bhatia, the owner of Corporate Defendants. Ms.

1

Jones started at Buckhead Dental in February 2018, but at Buckhead Dental she had to work with Dr. Craig Smith. Dr. Smith commonly watched pornography that she found offensive. She complained to the office Manager, Carolyn Kokas. Instead of addressing the problem, Ms. Kokas offered to move her to another location owned by Dr. Bhatia, Brookhaven Dental. In approximately, March 2018, Ms. Jones moved to Brookhaven where she began to work with Dr. Bhatia. Dr. Bhatia was initially friendly, and the two became friends. Dr. Bhatia praised Ms. Jones' work, and he made her a permanent employee, and he gave her substantial freedom. Dr. Bhatia asked Ms. Jones if he could see a condo that she was trying to remodel and sell. Ms. Jones agreed, but while looking at the condo he pressured her into sex. Afterwards, Dr. Bhatia wanted to continue the sexual relationship. Ms. Jones declined to continue the relationship. Ms. Jones' refusal of Dr. Bhatia's advances frustrated Dr. Bhatia, and he began to criticize Ms. Jones' work and to retaliate against her for refusing his sexual advances. Ultimately, in March 2020, Ms. Jones was fired when she would not agree to continue her sexual relationship with Dr. Bhatia.

Plaintiff Melissa Cleary faced similar treatment. She discussed employment with the Corporate Defendants, but Ms. Kokas said that Plaintiff's demanded hourly rate was too high, and that her school schedule would interfere with her work. Dr. Bhatia called Ms. Cleary and said that they would work something out. Around Summer 2018, Dr. Bhatia eventually agreed to make Ms. Cleary a consultant for the

Corporate Defendants.  Dr. Bhatia agreed to pay her the wages she wanted, but he demanded that sex be a condition of her employment.  When Ms. Cleary objected to a sexual relationship, she was sexually assaulted and ultimately terminated when she ended the relationship in summer 2019.

This action is for sexual harassment and retaliation arising under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e, *et seq*. ("Title VII") as well as pendent state law claims of assault and battery.  Plaintiffs seek declaratory and injunctive relief, back pay, front pay, compensatory damages, punitive damages and attorney's fees and costs.

## JURISDICTION AND VENUE

1. Plaintiffs' claims present federal questions and this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f)(3).

2. This Court is an appropriate venue for Plaintiffs' claims under 28 U.S.C. § 1391(b) and 42 U.S.C. §2000e-5(f)(3), because all of the parties reside within the Northern District of Georgia, and a substantial majority of events giving rise to Plaintiffs' claims occurred in this judicial district.

## ADMINISTRATIVE PROCEEDINGS

3. Plaintiff Jones timely filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC").  A true and

accurate copy of the Charge is attached hereto as Exhibit "A and is incorporated herein.

4. Ms. Cleary's sexual harassment and retaliation claims are piggybacking on Ms. Jones' EEOC charge, as they are similarly situated Plaintiffs.

5. Ms. Jones received a notice of right to sue from the EEOC within the last ninety (90) days and has complied with all other conditions precedent to the institution of this lawsuit. A true and accurate copy of the Notice of Right to Sue is attached hereto as Exhibit "B" and is incorporated herein.

## PARTIES

6. Both Plaintiffs are female.

7. Both Plaintiffs are citizens of the United States and reside in the Northern District of Georgia.

8. Both Plaintiffs were employed by Defendants at all times material to this Complaint.

9. Both Plaintiffs are members of a protected class under Title VII.

10. Defendant Buckhead Dental Center, P.C. is a domestic professional corporation licensed to and actually conducting business within the geographic boundaries of the United States District Court for the Northern District of Georgia.

11. Defendant Buckhead Dental Center, P.C. is subject to the jurisdiction of this Court and may be served with process by serving its registered agent, Andrew

Shaul, at 2700 Paces Ferry Road SE, Unit 906, Atlanta, Georgia 30339 if formal service of process is not waived.

12. Defendant BROOKHAVEN DENTAL ASSOCIATES, PC. is a domestic professional corporation licensed to and actually conducting business within the geographic boundaries of the United States District Court for the Northern District of Georgia.

13. Defendant BROOKHAVEN DENTAL ASSOCIATES, PC. is subject to the jurisdiction of this Court and may be served with process by serving its registered agent, Andrew Shaul, at 2700 Paces Ferry Road SE, Unit 906, Atlanta, Georgia 30339 if formal service of process is not waived.

14. Corporate Defendants each employed fifteen or more employees for each working day in each of twenty or more calendar weeks in 2018 and 2019.

15. Corporate Defendants are subject to the anti-discrimination provisions of Title VII.

16. Individual Defendant Dr. Bhatia is subject to the jurisdiction of this Court and may be served with process if formal service of process is not waived.

## FACTUAL ALLEGATIONS

**Plaintiff June Jones**

17. Ms. Jones started at Buckhead Dental in February 2018 as a dental hygienist.

18. At Buckhead Dental Ms. Jones had to work with Dr. Craig Smith.

19. Dr. Smith commonly watched pornography that she found offensive.

20. Ms. Jones complained to the Office Manager, Carolyn Kokas about Dr. Smith watching pornography.

21. Instead of addressing the problem, Ms. Kokas offered to move her to another location owned by Dr. Bhatia, Brookhaven Dental.

22. In approximately, March 2018, Ms. Jones moved to Brookhaven where she began to work with Dr. Bhatia.

23. Dr. Bhatia was initially friendly, and the two became friends.

24. Dr. Bhatia praised Ms. Jones' work, and he made her a permanent employee, and he gave her substantial freedom.

25. Dr. Bhatia asked Ms. Jones if he could see a condo that she was trying to remodel and sell.

26. Ms. Jones agreed but while looking at the condo Dr. Bhatia pressured her into sex.

27. Afterwards, Dr. Bhatia wanted to continue the sexual relationship.

28. Ultimately, Ms. Jones declined to continue a sexual relationship.

29. Ms. Jones' refusal of Dr. Bhatia's advances frustrated Dr. Bhatia, and he began to criticize Ms. Jones' work and to retaliate against her for refusing his sexual advances.

30. Defendants retaliated against Ms. Jones by reducing her freedom, cutting her pay, demoting her and ultimately in March 2020, firing Ms. Jones.

31. All the above adverse actions were the result of Ms. Jones not agreeing to continue her sexual relationship with Dr. Bhatia.

**Plaintiff Melissa Cleary**

32. Ms. Cleary discussed employment with the Corporate Defendants in summer 2018.

33. Ms. Kokas said that Plaintiff's demanded hourly rate was too high, and that her school schedule would interfere with her work.

34. Dr. Bhatia called Ms. Cleary and said that they would work something out.

35. In the summer of 2018, Dr. Bhatia eventually agreed to make Ms. Cleary a consultant for the Corporate Defendants.

36. Dr. Bhatia agreed to pay her the wages she wanted, but he demanded that sex be a condition of her employment.

37. Ms. Cleary initially felt she had no choice but to engage in a sexual relationship with Dr. Bhatia.

38. However, over time, Ms. Cleary began to object to a sexual relationship with Dr. Bhatia.

39. Ms. Cleary attempted on multiple occasions to break off the sexual part of the relationship and just consult as she was hired to do.

40. Dr. Bhatia would not honor her request to end the sexual relationship and he sexually assaulted and battered her.

41. Defendants ultimately terminated Ms. Cleary in summer 2019 when she stopped having sex with Dr. Bhatia.

## COUNT I
## SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

42. Plaintiffs hereby incorporate each and every preceding paragraph as if fully set forth herein.

43. This count is against both Corporate Defendants.

44. Each Plaintiff is an "employee" and belongs to a protected group as defined by Title VII, 42 U.S.C. § 2000e *et seq.*

45. Corporate Defendants are "employers" as defined by Title VII, 42 U.S.C. § 2000e *et seq.*

46. Plaintiff Jones was subjected to a sexually harassing ("hostile work") work environment by Dr. Smith and Dr. Bhatia for which all Defendants are liable.

47. Plaintiff Jones was subjected to *quid pro quo* sexual harassment by Dr. Bhatia for which Corporate Defendants are liable.

48. Plaintiff Cleary was subjected to *quid pro quo* sexual harassment by Dr. Bhatia for which Corporate Defendants are liable.

8

49. This unwelcomed sexual harassment was sufficiently severe and pervasive enough to alter the terms and conditions of Plaintiffs' employment and to create a hostile and discriminatorily abusive working environment.

50. At all times relevant to this action Corporate Defendants knew of the sexual harassment Plaintiffs were experiencing and the existence of a hostile work environment but failed to take immediate remedial action to protect Plaintiffs.

51. Instead, Corporate Defendants allowed a sexually harassing work environment to exist and continue.

52. Moreover, Corporate Defendants effectively ratified the hostile work environment by allowing the harassing environment to continue unabated and for opposing the unlawful conduct.

53. Corporate Defendant's actions constitute unlawful intentional sex discrimination in violation of Title VII of the Civil Rights Act, as amended, thus entitling Plaintiffs to all appropriate relief under the statute.

54. Corporate Defendants' actions were willful, deliberate, and intended to cause Plaintiffs harm and/or were committed with reckless disregard of the harm caused to Plaintiffs and were in derogation of their federally protected rights.

55. As a direct and proximate result of the above-mentioned discriminatory conduct, Plaintiffs have suffered damages including lost wages and benefits from

their termination and/or reduction in pay, diminished employment opportunities, and emotional distress, for which Corporate Defendants are liable.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

56. Plaintiffs hereby incorporate each and every preceding paragraph as if set forth fully herein.

57. This count is against both Corporate Defendants.

58. Plaintiffs each engaged in a protected activity under Title VII by making complaints of sexual harassment.

59. Because of Plaintiffs' complaints of sexual harassment, Plaintiffs have each effectively been terminated in retaliation for engaging in protected activity by complaining of and opposing the sexual harassment.

60. Corporate Defendants' actions constitute unlawful intentional retaliation in violation of Title VII of the Civil Rights Act, as amended.

61. Corporate Defendants willfully and wantonly disregarded Plaintiffs' rights and Corporate Defendants' retaliation against Plaintiffs was undertaken in bad faith.

62. As a result of Corporate Defendants' unlawful actions, Plaintiffs have suffered lost compensation and other benefits of employment, significantly diminished employment opportunities, emotional distress consisting of, but not

limited to, outrage, shock, and humiliation, inconvenience, loss of income, and other indignities.

## COUNT III

## ASSAULT

63. Plaintiffs hereby incorporate each and every preceding paragraph as if set forth fully herein.

64. This count is against all three Defendants.

65. By and through the conduct, actions, and malfeasance cited above, Corporate Defendants and Dr. Bhatia's actions constitute an intentional act by that created an apprehension in Plaintiffs of imminent harmful or offensive contact.

66. Because of Defendants' assault, Plaintiffs have suffered damages in the form of lost wages and benefits, diminished employment opportunities, and emotional distress.

## COUNT IV

## NEGLIGENT SUPERVISION AND NEGLIGENT RETENTION

67. Plaintiffs hereby incorporate each and every preceding paragraph as if set forth fully herein.

68. This count is against both Corporate Defendants.

69. At all times material to this Complaint, Corporate Defendants owed a legal duty of care toward its employees to exercise reasonable care and prudence in

the hiring, supervision, and retention of its employees. By and through the conduct, actions, and malfeasance cited above, Corporate Defendants breached the above described legal duties of care that it owed to Plaintiffs.

70. Corporate Defendants knew that Dr. Bhatia was subjecting Plaintiffs to sexually harassing comments and behavior and about the open and obvious nature of Dr. Bhatia's conduct in the workplace.

71. Corporate Defendants failed to take prompt and appropriate remedial steps to protect Plaintiffs from sexual harassment by Dr. Bhatia.

72. Because of Corporate Defendants' negligent supervision and retention, Plaintiffs have suffered damages in the form of lost wages and benefits, significantly diminished employment opportunities, and emotional distress.

WHEREFORE, Plaintiffs demand a trial by jury and for the following relief:

(a) that Summons issue;

(b) that Defendants be served with Summons and Complaint;

(c) that trial by jury of all issues be had;

(d) that judgment be issued against Defendants for any and all general, special, liquidated, and where applicable, punitive damages as allowed by law under each and every count and cause of action contained in this Complaint;

(e) for injunctive relief and declaratory relief;

(f) for all costs of this action to be taxed against Defendants;

(g) for all costs and attorneys' fees to be awarded to Plaintiffs; and

(h) for any and all further relief as this Court may deem just and equitable under the circumstances.

Respectfully submitted, this 22nd day of December, 2020.

*/s/ J. Stephen Mixon*
J. Stephen Mixon
Georgia Bar No. 514050
steve@mixon-law.com

THE MIXON LAW FIRM
1691 Phoenix Boulevard
Suite 150
Atlanta, GA  30349
Ph: (770) 955-0100
Fax: (678) 999-5039